Kevin R. Lussier (State Bar No. 143821)
E-mail: klussier@berryperkins.com
Esperanza V. Cervantes (State Bar No. 197953)
E-mail: ecervantes@berryperkins.com
BERRY & PERKINS
A Professional Corporation
2049 Century Park East, Suite 950
Los Angeles, California 90067-3134
Telephone: (310) 557-8989
Facsimile: (310) 788-0080

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

Attorneys for Plaintiff
CHANEL, INC., a New York Corporation

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC., a New York corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HEATHER LEE GRAY a/k/a HEATHER PORTER d/b/a SHOP-SUEY BOUTIQUE d/b/a SHOP SUEY BOUTIQUE d/b/a SHOPSUEYBOUTIQUE.COM, and SHOPSUEYBOUTIQUE.COM, INC., a California corporation and Does 1-10<br><br>Defendants. | Case No. EDCV 07-00557 SGL (JCRx)<br><br>[PROPOSED] STIPULATED CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION |

Plaintiff, Chanel, Inc. ("Chanel") and Defendants, Heather Lee Gray a/k/a Heather Porter d/b/a Shop-Suey Boutique d/b/a Shop Suey Boutique d/b/a SHOPSUEYBOUTIQUE.COM and SHOPSUEYBOUTIQUE.COM, Inc., a California corporation (collectively the "Defendants") stipulate and consent to the following:

**WHEREAS,** the Defendants began using trademarks in the United States which allegedly infringed Chanel's registered trademarks: CHANEL and CC MONOGRAM as identified in Chanel's Complaint (the "Chanel Marks");

- 1 -
STIPULATED CONSENT FINAL JUDGMENT AND PERMANENT
INJUNCTION                    EDCV 07-00557 SGL (JCRx)

1  **WHEREAS**, the Defendants' use of names and marks which allegedly incorporate the Chanel Marks is likely to cause confusion as to source or origin; and

**WHEREAS**, based upon Chanel's good faith prior use of the Chanel Marks, Chanel has superior and exclusive rights in and to the Chanel Marks in the United States and any confusingly similar names or marks, and without an admission of liability by the Defendants,

**IT IS ORDERED, ADJUDGED AND DECREED** as follows:

1.  The Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith are hereby permanently enjoined, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell counterfeit goods bearing the Chanel Marks; from infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks, or any marks similar thereto, in connection with the sale of any goods; from using any logo, trade name or trademark which may be calculated to falsely advertise the services or products of Chanel as being sponsored by, authorized by, endorsed by, or in any way associated with Chanel; from falsely representing themselves as being connected with Chanel, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants, are in any way endorsed by, approved by, and/or associated with Chanel; from using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, the goods identified in the Complaint; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent the Defendants' goods as being those of Chanel, or in any way endorsed

BERRY & PERKINS
A PROFESSIONAL CORPORATION

by Chanel and from offering such goods in commerce; and from otherwise unfairly competing with Chanel.

2. Any party shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

3. The causes of action between Chanel and the Defendants are hereby dismissed with prejudice, subject to the terms of the Settlement Agreement between the parties. This Consent Judgment shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

4. The parties' respective attorney's fees and costs incurred in connection with this action shall be borne as per the agreement of the individual parties in their Settlement Agreement.

5. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Judgment and the Settlement Agreement between the parties.

6. All counterfeit Chanel products currently in the possession, custody and/or control of the Defendants shall be surrendered to Chanel, through its counsel and destroyed under the direction of Chanel.

**IT IS SO ORDERED.**

Dated: JAN - 4 2008

_____
Stephen G. Larson
United States District Judge

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action, and my business address is Berry & Perkins (the "business"), 2049 Century Park East, Suite 950, Los Angeles, California 90067.

On December 21, 2007, I caused the following document: **[PROPOSED] STIPULATED CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION,** to be served in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Marc E. Hankin, Esq.<br>HANKIN PATENT LAW<br>8383 Wilshire Blvd., Suite 333<br>Beverly Hills, CA 90211<br>***Attorneys for Defendants*** | Heather L. Gray d/b/a Shop Suey Boutique<br>35053 Trevino Tr.<br>Beaumont, CA 92223 |

**X** **BY REGULAR U.S. MAIL:** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Los Angeles, California.

\_\_ **BY FEDERAL EXPRESS OVERNIGHT DELIVERY OR OTHER EXPRESS OVERNIGHT SERVICE:** I declare that the foregoing described document(s) was(were) deposited on the date indicated below in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served, at the address as last given by that person on any document filed in the cause and served on this office.

\_\_ **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the above address(es).

**X** **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 21, 2007, at Los Angeles, California.

Kate E. Oyler

- 1 -

**PROOF OF SERVICE**

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action, and my business address is Berry & Perkins (the "business"), 2049 Century Park East, Suite 950, Los Angeles, California 90067.

On December 21, 2007, I caused the following document: **STIPULATION FOR ENTRY OF CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION,** to be served in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

Marc E. Hankin, Esq.  
HANKIN PATENT LAW  
8383 Wilshire Blvd., Suite 333  
Beverly Hills, CA 90211  
*Attorneys for Defendants*

Heather L. Gray d/b/a Shop Suey Boutique  
35053 Trevino Tr.  
Beaumont, CA 92223

__X__ **BY REGULAR U.S. MAIL:** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Los Angeles, California.

__ __ **BY FEDERAL EXPRESS OVERNIGHT DELIVERY OR OTHER EXPRESS OVERNIGHT SERVICE:** I declare that the foregoing described document(s) was(were) deposited on the date indicated below in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served, at the address as last given by that person on any document filed in the cause and served on this office.

__ __ **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the above address(es).

__X__ **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 21, 2007, at Los Angeles, California.

Kate B. Oyler